# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

SOUTHWEST AIRLINES CO.,

        *Petitioner*,

                                      Case No. 15-1036

    v.

UNITED STATES DEPARTMENT OF TRANSPORTATION,

        *Respondent*.

## MOTION OF DELTA AIR LINES, INC.,
## FOR LEAVE TO INTERVENE ON BEHALF OF RESPONDENT

Pursuant to Federal Rules of Appellate Procedure 15 and 27, Delta Air Lines, Inc. hereby moves to intervene in this proceeding on behalf of the Respondent. Pursuant to Rule 26.1 and Circuit Rule 26.1, Delta has attached a Corporate Disclosure Statement to this Motion. In support of this Motion, Delta states as follows:

In this proceeding, Petitioner Southwest Airlines Co. seeks review of a December 17, 2014 letter from the Honorable Kathryn B. Thomson, General Counsel, U.S. Department of Transportation ("Department") to Warren M.S. Ernst, Dallas City Attorney regarding the City of Dallas' obligation under federal law to accommodate Delta's five daily departures at Dallas Love Field ("DAL"). Among other things, Southwest challenges the Department's authority to enforce DAL's

obligations under federal law to reasonably accommodate all air carriers seeking to provide service at the airport.

DAL is unique because it is the only airport in the United States at which Congress imposed gate capacity constraints. The "reasonable accommodation" obligation discussed in the Department's December 17th letter is thus particularly critical in the context of DAL. Delta currently operates five daily departures from DAL—and hopes to add more flights in the future—but those flights could be jeopardized if Southwest prevails in its challenge to the Department's policy. Delta thus has a direct and substantial interest in the outcome of this proceeding that is sufficient to warrant intervention. *See Yakima Valley Cablevision, Inc. v. FCC*, 794 F.2d 737, 744-45 (D.C. Cir. 1986) (allowing company to intervene because it was "directly affected by" agency policy); *Smith Lake Improvement Ass'n v. FERC*, No. 13-1074 (D.C. Cir. 2014) (allowing operator of hydroelectric power plant to intervene in support of agency in licensing proceeding).

Intervention is sought within the time required to intervene pursuant to FRAP 15(d) and this Circuit's local rules.

## CONCLUSION

For the foregoing reasons, Delta should be granted leave to intervene on behalf of Respondent.

Respectfully submitted,

s/Paul D. Clement

KENNETH P. QUINN
JENNIFER TROCK
PILLSBURY WINTHROP
SHAW PITTMAN
1200 Seventeenth Street, NW
Washington, DC 20036
(202) 663-8898

PAUL D. CLEMENT
JEFFREY M. HARRIS
BANCROFT PLLC
1919 M Street NW
Suite 470
Washington, DC 20036
(202) 234-0090
pclement@bancroftpllc.com

*Counsel for Delta Air Lines, Inc.*

March 16, 2015

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 26.1 of this Court, Delta Air Lines, Inc. ("Delta") hereby discloses the following:

Delta is a Delaware corporation with its principal place of business in Atlanta, Georgia.  Delta is an air carrier primarily engaged in the business of transporting people, property, and mail in domestic and international air travel.  Delta does not have a parent corporation, and no publicly held corporation owns 10% or more of Delta's stock.

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2015, I electronically filed the foregoing

Motion to Intervene on Behalf of Respondent via the ECF filing system, and sent a

copy via U.S. mail to the following:

M. Roy Goldberg
Steptoe & Johnson LLP
1330 Connecticut Ave., N.W.
Washington, DC 20036

The Honorable Kathryn B. Thomson
General Counsel
United States Department of Transportation
1200 New Jersey Avenue, S.E.
Washington, D.C. 20590

Peter J. Kirsch
Kaplan Kirsch Rockwell
1675 Broadway, Suite 2300
Denver, CO 80202


                                    s/Paul D. Clement
                                    Paul D. Clement